LEE CHAMBERLIN, RESPONDENT, *v.* CHARLES McCARTHY, APPELLANT, IMPLEADED WITH OTHERS.

*Mechanic's lien for articles furnished to a tenant — surrender of the lease by him — injunction to prevent the use of the articles by the landlord.*

The tenants in the possession of certain demised premises purchased a boiler and steam fittings and put them into the buildings thereon, and thereafter abandoned the premises and surrendered their lease without having paid for such boilers and steam fittings, for which a mechanic's lien was filed by the vendor against the interest of said lessees in the premises.

·Subsequently an action was brought to foreclose such mechanic's lien.

*Held,* that the owners of the fee of the land would not be enjoined from using the property which has thus been attached to it.

APPEAL by the defendant Charles McCarthy from an injunction order granted by the county judge of Rensselaer county, and· ·entered in the office of the clerk of said county on the 16th day of December, 1890, by which it was adjudged " that the defendant ·Charles McCarthy and his attorneys, counselors, agents, tenants and .assistants, be, and each and every of them is, under the penalties by law prescribed, enjoined and restrained until the further order ·of this court in the premises, from, in any manner, using, interfering with or removing from the premises, owned by said . Charles McCarthy, on Grand street, in Troy, N. Y. (more fully described in ·the complaint herein), the boiler, pipes, radiators, manifolds, valves ·and steam fittings put into.said premises by the plaintiff, Lee Chamberlin, and now being used in connection with a Turkish bath in said building, by the tenants of said McCarthy, upon which said ·boiler, pipes, radiators, manifolds, valves and steam fittings said

Chamberlin has a mechanic's lien, now being foreclosed. The following are the grounds upon which the order is granted, viz.: That the use of the boiler, pipes, radiators, manifolds, valves and steam fittings above set out by the said McCarthy, his tenants, agents and servants, during the pendency of the foreclosure of the mechanic's lien now being foreclosed, tends to impair and destroy the same, and tends to defeat the object of the foreclosure of the mechanic's lien."

The action was brought for the enforcement of a mechanic's lien filed against the interest of William H. Brind and H. S. Pashkian, tenants in the occupation of certain premises in which the plaintiff had placed a boiler and certain steam pipes and other fixtures for said Brind and Pashkian, who had subsequently abandoned the premises and surrendered their lease thereof.

*Thomas S. Fagan*, for the appellant.

*Rufus M. Townsend*, for the respondent.

LEARNED, P. J.:

We think this injunction should not stand. McCarthy owned the land and leased it to Brind and Pashkian. They purchased of plaintiff certain boilers and steam fittings and the like, and had them put in the buildings. For these purchases they owe. The plaintiff filed a mechanic's lien against the interest of Brind and Pashkian in the premises. And he now brings this action to foreclose.

It appears that Brind and Pashkian abandoned and surrendered their lease; and McCarthy, as owner, took possession, and that his present tenants are using the boiler and fittings and the like. The plaintiff fears that these things will be injured by such use and, therefore, obtained an injunction forbidding McCarthy to use them until the decision of the action. The effect of the filing of the notice of lien, assuming it to be valid, is to create a lien on the interest which Brind and Paskkian had in the premises. Whether this boiler and these fittings became a part of the property of the owner, or whether they were such fixtures that Brind and Pashkian could remove them at the end of their term, we need not decide. We may assume that if the plaintiff had, by contract with McCarthy, put in these fixtures he would have had a lien on McCarthy's

interest. But a reference to chapter 342, Laws of 1885, section 1, will show that the lien is only on the interest in the land of the person for whom the work is done, either directly or through a contractor. The language is, "whether owner in fee, or of a less estate, or whether a lessee for a term of years," etc.

Now, while it may be that after the filing of the notice of the lien the lessee could not convey the leasehold estate free from the lien, yet it is by no means clear that the landlord could not re-enter for non-payment of rent. However this may be, there is no propriety in preventing the owner of the fee from using the property which has thus been attached to his land. If the tenants had lawfully removed these fixtures, then they would not have been affected by the notice of lien, because that is a lien on the interest in land. And if these fixtures are rightfully removable, then they are not part of the land.

On the other hand, if these fixtures became a part of the land (as plaintiff seems to claim under *Ward* v. *Kilpatrick*, 85 N. Y., 413), then McCarthy, as the landlord, is rightfully in possession and cannot properly be prevented from using his property. The plaintiff had no lien except on the leasehold interest of Brind and Pashkian. Whether that has ceased or not is not shown. At any rate, the mechanic's lien cannot operate to increase the rights which the lessee had against the lessor.

The injunction order is reversed, with ten dollars costs and printing disbursements, and motion for injunction denied, with ten dollars costs.

LANDON and MAYHAM, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.